## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (Bid Protest)

| | | |
|---|---|---|
| **THE STATE OF OKLAHOMA, by and through** | § | |
| **THE OKLAHOMA DEPARTMENT OF** | § | |
| **REHABILITATION SERVICES** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No.: 19-1022 C** |
| | § | **(Judge Charles F. Lettow)** |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## CANTU SERVICES, INC.'S MOTION TO INTERVENE OR, IN THE ALTERNATIVE, MOTION TO FILE AMICUS CURIAE BRIEF

Pursuant to Rule 24 of the RCFC, Cantu Services, Inc. ("Cantu") hereby requests

leave to intervene as a Plaintiff in this action brought by the STATE OF OKLAHOMA by and

through the Oklahoma Department of Rehabilitation Services ("ODRS"). The STATE OF

OKLAHOMA seeks to enjoin Defendant, THE UNITED STATES OF AMERICA, from

proceeding with performance of Contract No. W9124J-19-D-0010 for full food services

at Ft. Sill, Lawton, Oklahoma based upon a procurement issue brought pursuant to

Administration Dispute Resolution Act ("ADRA") (Pub. L. No. 104-320, 110 Stat. 3870

(1996)) and the Tucker Act, 28 U.S.C. § 1491(b)(1), and until such time this protest can

be concluded and the pending arbitration proceeding initiated by THE STATE OF

OKLAHOMA pursuant to the Randolph Sheppard Act, 20 U.S.C. § 107, *et. seq.* (hereinafter, "RSA") is resolved.[1]

Pursuant to RCFC 24(c), Cantu has attached his Complaint setting forth in detail the claims of Cantu for which intervention is sought. *Ex. 1, Intervenor, David Cantu Sr.'s Complaint.*   In support of this Motion, Cantu states as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Intervenor, Cantu Services, Inc., is a certified small business incorporated in the State of Texas.  ODRS is the incumbent contractor for the full food services at Ft. Sill. ODRS previously selected Mr. David Altstatt as the licensed blind manager for this contract.  ODRS and Altstatt have joined with Cantu Services, Inc. to form the "Ft. Sill team." The Ft. Sill team currently performs the full food services at all the dining facilities at Ft. Sill under a bridge contract (Contract No. W9124L-19-D-0001). This base period for this bridge contract is April 1, 2019, through May 31, 2019, with a six-month option period beginning June 1, 2019, through November 30, 2019. The Government has exercised only three of the six months available under the contract. The bridge contract is set to expire on August 31, 2019.

2.    Plaintiff, The STATE OF OKLAHOMA, by and through the Department of Rehabilitation Services is an Oklahoma state agency and serves as the State Licensing Agency ("SLA") under the RSA.  The Business Enterprise Program is administered by ODRS, as the SLA, which trains and assists people who are visually impaired in

---

[1] Cantu has been in contact with Plaintiff's counsel, ODRS, and he has stated ODRS does not object to this motion. Additionally, Cantu understands this motion is consistent with the Motion to Intervene filed by Mr. David Altstatt, the blind vendor license.

establishing and operating food service businesses in public and private facilities across the state.   ODRS is an actual offeror who timely submitted a proposal on Solicitation No. W9124J-18-R-0024 ("RFP" and/or "Solicitation"). However, ODRS proposed that contract performance would be done by the Ft. Sill team, which includes Mr. Altstatt and Cantu Services, Inc.

3.     Defendant is the United States of America ("Government" and/or the "Agency"), acting through officials representing the Secretary for the United States Department of the Army.

4.     This Court has jurisdiction over this action pursuant to the Administration Dispute Resolution Act ("ADRA") (Pub. L. No. 104-320, 110 Stat. 3870 (1996)) and the Tucker Act, 28 U.S.C. § 1491(b)(1). The dispute is connected to a federal procurement.

5.     This Court has jurisdiction to render a judgment and grant injunctive relief on any action by an interested party objecting to a contract award by the Defendant in violation of procurement statute or regulation.

6.     Within the context of this RSA procurement, Cantu is an "interested party" within the meaning of 28 U.S.C. § 1491(b). Cantu is a critical team member who prepared the proposal for this Solicitation and whose past performance on the incumbent contract is the subject of the Agency's improper past performance evaluation currently being litigated in the pending Department of Education ("DOE") arbitration proceeding. As such, Cantu has a direct economic interest in the award or failure to award a contract under the Solicitation. ODRS, Altstatt, and Cantu face substantial, irreparable harm and

prejudice unless the requested declaratory and injunctive relief is granted by the Court pursuant to 28 U.S.C. § 1491(b)(2).

## II.   ARGUMENTS AND AUTHORITIES

This action arises under ADRA (Pub. L. No. 104-320, 110 Stat. 3870 (1996)) and The Tucker Act, 28 U.S.C. § 1491(b)(1), as the dispute directly relates to a federal procurement. While ODRS was the actual offeror under the Solicitation, Cantu is an interested party as the team member responsible for performing a significant portion of the work under the contract.

### A.   Cantu May Intervene In This Action

Cantu moves to intervene in this action as of right under RCFC. Rule 24 of the RCFC provides:

> **(b)   Permissive Intervention.**
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> ***
>
> (B)     has a claim or defense that shares with the main action a common question of law or fact

Fed. Cl. R. 24(b)(2).

"These requirements are construed in favor of intervention" *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations*, 695 F.3d 1310, 1314–15 (Fed. Cir. 2012) citing *Am. Mar. Transp., Inc. v. United States.,* 870 F.2d 1559, 1561 (Fed. Cir. 1989).  Cantu satisfies RCFC 24(b)(2)'s requirements for intervention as of

right because this motion is timely and Cantu has a claim or defense that it shares with the main action.

### 1.    Timeliness

The Federal Circuit has identified the factors used to determine whether a request to intervene is timely. *See Belton Indus., Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993) (applying the abuse of discretion standard to timeliness determinations of the Court of International Trade). Under <u>Belton</u>, an intervenor's timeliness is evaluated in light of three factors:

> (1)    the length of time during which the would-be intervenors actually knew or reasonably should have known of [their] rights . . . ;
>
> (2)    whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenors by denying intervention; and
>
> (3)    existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.*

Application of these three factors confirm that Cantu's motion to intervene is timely.  The Complaint for Declaratory and Injunctive Relief was filed on July 16, 2019 and Cantu's Motion is being filed July 17, 2019, prior to an Answer being filed by the Defendants.

Cantu's Motion to Intervene is timely.

### 2.      Cantu Shares a Common Claim with the Main Action.

Cantu shares common claims with ODRS in this post-award bid protest. Cantu is an integral part of the ODRS Ft. Sill team and Cantu's involvement is necessary for the team's success. In it proposal, ODRS relies heavily on Cantu's experience and capabilities as a federal food service contractor for the successful performance of the court sought by the Solicitation. As a critical team member, Cantu possesses legally protectable economic and business interest in this procurement, including (i) whether the Agency properly evaluated proposals on an equal playing field; and (ii) whether the Agency will follow the stated award criteria which requires award to ODRS should its proposal is placed into the competitive range.

While Cantu is not a direct offeror on the procurement, it is directly and unequivocally affected by the outcome of this action. Permissive intervention would be appropriate as Cantu's claim arise from the same questions of law and fact, and because allowing this intervention will not unduly delay or prejudice the rights of ODRS and the Government.

For these reasons, Cantu requests this Court grant this intervention request.

### B.      Second Alternative:  Motion to File Amicus Curiae Brief

In the event the Court determines that permissive intervention is not appropriate, Cantu respectfully requests to file an Amicus Curiae brief.

> The RCFC, which largely mirror the Federal Rules of Civil Procedure, do not provide for the participation of amici curiae. Nevertheless, the court possesses the inherent authority to allow such participation, and has broad discretion to exercise that authority. *Am. Satellite Co. v. United States*, 22 Cl.Ct. 547, 549 (1991). When deciding whether to allow the participation

of an amicus curiae, the court may consider a number of factors, including (1) "whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party," id.; (2) whether the parties consent to the participation of the amicus curiae, id.; (3) whether "one of the parties is not interested in or capable of fully presenting one side of *117 the argument," id.; (4) whether "the court's decision would directly affect [the movant's] rights or would set a controlling precedent regarding a claim of [the movant]," *Fluor Corp. & Affiliates v. United States*, 35 Fed.Cl. 284, 285 (1996); and (5) whether participation by an amicus curiae would unnecessarily delay the litigation, id. at 286. Accord Wolfchild v. United States, 62 Fed.Cl. 521, 536 (2004); see also Hage v. United States, 35 Fed.Cl. 737, 742 (1996) (allowing the participation of amici curiae who possessed "specialized knowledge" that could be "beneficial to the court in the resolution of [the] case").

*Health Republic Ins. Co. v. U.S.*, 129 Fed. Cl. 115, 116–17 (2016).

Cantu has a clear interest in the outcome of this action that is derivative of, similar to, but not identical to that of ODRS. As the experienced full food services contract, who has been involved in many different procurements and contract, Cantu is able to provide a unique prospective to the procurement issues in this action and in the food service industry in general. This is particularly important given that the Court's direction will directly affect its property and economic interests.

Cantu respectfully requests, that it be granted Amicus status.

## CONCLUSION

Cantu respectfully requests that this Court grant this Motion to Intervene pursuant to RCFC 24(b)(2). Pursuant to Fed. Cl. R. 24(c), Cantu has attached his Complaint which sets out in detail the claims for which intervention is sought.

Respectfully submitted,

*/s/ John C. Dulske*
John C. Dulske
Texas State Bar No.:  00783994

**DYKEMA GOSSETT**

112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
Telephone:   210-554-5505
Facsimile:     855-245-9122
Email:          jdulske@dykema.com

***Attorney for Proposed Intervenor, Cantu Services, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 17th day of July 2019, I caused a copy of the foregoing *Cantu Service Inc.'s Motion to Intervene Or, Alternatively, Motion to File Amicus Curiae Brief* to be filed electronically through the Court's CM/ECF system, by operation of which I understand that all registered parties were served electronically.

*/s/ John C. Dulske*
John C. Dulske